UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EMILE MOREAU,

                              Plaintiff,

    v.                                                               9:20-CV-0124
                                                                  (DNH/ATB)

SHERRY ELLSWORTH, Mailroom
Supervisor, Eastern NY Correctional
Facility, J. VONDERHEYDE, Correction
Officer, Eastern NY Correctional Facility,
and A. BLACK, Grievance Supervisor,
Eastern NY Correctional Facility,

                              Defendant(s).

---

APPEARANCES:

EMILE MOREAU
04-A-1588
Plaintiff, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                             Lauren Rose Eversley, Esq.
New York State Attorney General - Albany      Asst. Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

    Presently under consideration is a motion for preliminary injunctive relief filed by pro

se plaintiff Emile Moreau ("Moreau" or "plaintiff").  Dkt. No. 11.

## II. BACKGROUND

In February 2020, plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Eastern NY Correctional Facility ("Eastern NY C.F.") from July 2015 until February 2018.[1]  *See generally,* Dkt. No. 1 ("Compl.").

In a Decision and Order filed March 5, 2020 (the "March Order"), after a review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived sua sponte review: (1) First Amendment mail interference and access to court claims against defendant Sherry Ellsworth ("Ellsworth"), the mail room supervisor; (2) Eighth Amendment claims related to plaintiff's conditions of confinement against defendants Correction Officer J. Vonderheyde ("Vonderheyde") and Grievance Supervisor A. Black ("Black"); and (3) First Amendment retaliation claims against Ellsworth, Vonderheyde, and Black.[2]  *See generally*, Dkt. No. 8.

## II. MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v.*

---

[1] At the time that Plaintiff commenced the action, he was incarcerated at Marcy Correctional Facility.  *See* Compl. at 3.

[2] Defendants have not yet filed an answer to the Complaint.

2

*Armstrong*, 520 U.S. 968, 972 (1997)).  "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit.  *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d at 35, 38 (2d Cir. 2010).  To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *Id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011).

When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo*, 638 at 406; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' "  *Citigroup*, 598 F.3d at 35 n.4.

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm.  *Jolly*, 76 F.3d at 473.  "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *Amaker v. Fischer*, No. 10-CV-0977A, 2012 W L 8020777, at *2 (W.D.N.Y. Sept. 28, 2012).

Here, the injunction sought is mandatory, and thus the court will use the "clear and

substantial" showing of a likelihood of success standard.

### B. Plaintiff's Motion

Plaintiff is currently housed at Marcy C.F.  *See* Dkt. No. 11.  The motion for injunctive relief addresses incidents that occurred at Marcy C.F. beginning in March 14, 2019.  *See* Dkt. No. 11 at 2-5.

Plaintiff claims that Marsha McCabe ("McCabe"), the mail room supervisor at Marcy C.F. and Jill Montrose ("Montrose"), a staff member in the mail room, tampered with his legal mail.  *See* Dkt. No. 11 at 2-5.  Plaintiff also alleges that the Nurse Administrator at Marcy C.F., C. Coppola ("Coppola"), refuses to provide "fair" medical treatment, denies plaintiff pain medication, and is "trying to make correction officers" assault plaintiff.  *See id.* at 6.  Plaintiff asserts that McCabe, Montrose, and Coppola are conspiring to prevent him from communicating with courts, lawyers, and organizations "that could help plaintiff."  *See id.* at 2, 3, 6.

Plaintiff seeks an order enjoining McCabe and Montrose from tampering with his mail and directing Coppola to provide pain medication.  *See* Dkt. No. 1 at 1.

### C. Analysis

The Court considers whether Plaintiff has provided proof of a likelihood of succeeding on the merits of his underlying First and Eighth Amendment claims related to his confinement at Eastern NY C.F., or evidence that establishes sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him as the party seeking such relief, and concludes that he has not.

"To prevail on a motion for preliminary injunctive relief, the moving party must

4

establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Levesque v. Clinton County*, No. 10-CV-787, 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (quoting *McKinnon v. Tresman*, No. 02-CV-2305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010).

As discussed *supra*, the defendants herein are Ellsworth, Vonderheyde, and Black. To the extent that plaintiff seeks relief against staff members and officers at Marcy C.F., who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

Even if the Court could provide the relief requested, the facts underlying the request are unrelated to the defendants and claims in this action.  Here, plaintiff complains of instances of mail tampering separate and unrelated to the First Amendment claims asserted in the underlying action.  Moreover, the motion includes facts related to deliberate medical indifference, a claim that is entirely unrelated to the underlying action.  Plaintiff does not allege, and the evidence does not suggest, that any of the named defendants were personally involved in any decisions related to his confinement at Marcy C.F.  Accordingly,

the Court finds that the allegations that form the basis for plaintiff's motion for injunctive relief are not sufficiently related to the claims in the Complaint.

Plaintiff's failure to substantiate his allegations of irreparable harm with evidence in admissible form or to demonstrate a likelihood of success on the merits of his underlying claims warrants denial of his motion. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Accordingly, plaintiff's motion for preliminary injunctive relief is denied.

## V. **CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's motion for injunctive relief (Dkt. No. 11) is **DENIED**; and

2. The Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 28, 2020
        Utica, New York.

_____
United States District Judge