UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————

EMILE MOREAU,

                              Plaintiff,              9:20-CV-0124
                                                       (DNH/ATB)

          v.

SHERRY ELLSWORTH *et al.*,

                              Defendants.

———————————————————————

APPEARANCES:

EMILE MOREAU
Plaintiff, Pro Se
04-A-1588
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                    DAVID C. WHITE, ESQ.
New York State Attorney General       Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

        On February 5, 2020, *pro se* plaintiff Emile Moreau ("plaintiff"), an inmate in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS") at Eastern Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that

defendants violated his First Amendment rights by interfering with his mail and his access to

the courts, and by retaliating against him for the exercise of those rights.  Dkt. No. 1.  Plaintiff

also claims defendants were deliberately indifferent to his medical condition in violation of the Eighth Amendment. *Id*.  Defendants filed a motion for summary judgment on March 4, 2021  Dkt. No. 43.

By Report and Recommendation filed on July 15, 2021, Magistrate Judge Andrew T. Baxter recommended that defendants' motion for summary judgment be granted and the complaint be dismissed in its entirety.  Dkt. No. 56.

By Order of this Court filed on August 26, 2021 ("August Order"), the Report and Recommendation was adopted.  Dkt. No. 58.  Judgment was entered in accordance with the August Order.  Dkt. No. 59.

On September 13, 2021, plaintiff filed a motion for relief that the Court has construed as a motion to reconsider and/or vacate the August Order.  Dkt. Nos. 60, 64 (reply), and 65 (supplemental reply).

## II.  <u>MOTION TO RECONSIDER/VACATE</u>

The decision to grant or to deny a Rule 59(e) motion for reconsideration rests with the sound discretion of the District Court." *U.S. v. Eubanks*, No. S7 92 CR 392, 1999 WL 1261256, at *5 (S.D.N.Y. Dec.27, 1999) (citation omitted).  "A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

"The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX*

2

*Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**  On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud, misrepresentation, or misconduct;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released, or discharged; or
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Construing his submission liberally, plaintiff requests relief under rule 60(b)(6) arguing "extraordinary circumstances."  Rule 60(b)(6) is a "catch-all" provision that applies to "extraordinary circumstances" or "extreme hardship."  *U.S. v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977).  The decision whether to afford relief rests with the "sound discretion of the district court."  *Garcia v. Myears*, No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015).  "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties."  *Kotlicky v. U.S. Fid. & Guar. Co.*,

817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Upon review, plaintiff's request must be denied.  Plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.  While plaintiff disagrees with the August Order, he has not made any showing that reconsideration of the August Order is warranted.  *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *U.S. v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").  The Court also finds that plaintiff has failed to sustain the burden of demonstrating extraordinary circumstances to warrant relief from the Judgment.  Accordingly, Plaintiff's motion (Dkt. No. 60) is denied.

## III. CONCLUSION

Therefore, it is

ORDERED that

1.  Plaintiff's motion to reconsider/vacate (Dkt. No. 60) is **DENIED**; and

2.  The Clerk of the Court serve a copy of this Order on Plaintiff.

IT IS SO ORDERED.

Dated:  November 16, 2021
          Utica, New York.

_____
United States District Judge

4